FREUND & BRACKEY LLP
Craig A. Huber (SBN 159763)
cahuber@freundandbrackey.com
Stephen P. Crump (SBN 251712)
scrump@freundandbrackey.com
427 North Camden Drive
Beverly Hills, CA 90210
Tel: 310-247-2165
Fax: 310-247-2190

Attorneys for Defendant,
OMAHA STEAKS INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSHU PATHAK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>OMAHA STEAKS INTERNATIONAL, INC., a Nebraska corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. CV 10-07054 RSWL (RZ)<br><br>[*Transferred to the Honorable Ronald S. W. Lew*]<br><br>MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b)(5)<br><br>Date:  January 18, 2011<br>Time: 10:00 am |

PLEASE TAKE NOTICE that on January 18, 2011, at 10:00 a.m. in Courtroom 21 of the above-titled court, located at 312 North Spring Street, Los Angeles, California 90012, Defendant OMAHA STEAKS INTERNATIONAL, INC. ("Omaha Steaks") will and hereby does move the Court for an order dismissing Plaintiff ANSHU PATHAK ("Pathak")'s Complaint for insufficient service of process.

This Motion will be based upon this Notice, the Memorandum of Points and Authorities in Support of the Motion, the Declaration of Craig A. Huber in Support of the Motion, all other pleadings and papers filed in this action, and such further evidence and argument as may be presented in the hearing of this matter.

| | |
|---|---|
| DATED: December 20, 2010 | FREUND & BRACKEY LLP |

By: /Craig A. Huber/
Craig A. Huber,
Stephen P. Crump

Attorneys for Defendant,
OMAHA STEAKS INTERNATIONAL, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pathak purports to effect service of the summons and complaint in this matter by merely delivering process to Omaha Steaks by the U.S. mail. This is patently insufficient under the Federal Rules, and both the California and Nebraska Codes, which require the Plaintiff to obtain a signed return receipt to prove service by mail. As service is insufficient under all relevant provisions of law, this Court should dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5).

## II. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(5) provides that a party may assert the defense of "insufficient service of process" by motion.

Under Rule 12(b)(5), "the burden is on the party claiming proper service has been effected to establish validity of service." *Cranford v. U.S.*, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005). When process is deemed to be insufficient, "the court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant." *Id.*

### B. Service of Process Was Insufficient

By merely mailing the summons and complaint to one of Omaha Steaks' officers, Pathak has failed to properly serve process under either federal or state law.

Federal Rule of Civil Procedure 4(h), the federal service provision which applies to domestic and foreign corporations, provides that service may be made by "delivering"[1] a copy of the summons and of the complaint to an officer, a managing or general agent of the corporation, or by following state service provisions in the state where the district court is located or where service is made.

---

[1] "Delivery" for purposes of this section means personal service. *See ATS Claim, LLC v. Epson*, 2009 U.S. Dist. LEXIS 93448 at *6 (N.D. Cal. Oct. 6, 2009).

While California law and Nebraska law permit a plaintiff to mail summons to the officer or registered agent of an out of state defendant, in both jurisdictions, *certified mail* with a *return receipt* is required.  See Cal. Code Civ. Proc. § 415.40; R.R.S. Neb. § 25-505.01(1)(c).

Pathak's proof of service on Omaha Steaks purports to show service was effected by "personally delivering it to [David L. Hershiser] in the manner as provided in FRCivP 5(b)[2]; by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid . . . ." (Declaration of Stephen P. Crump ("Crump Decl.") ¶ 2, Ex. A).  The proof of service does not indicate that the summons and complaint were sent by certified mail, nor is there a receipt or any other document that indicates that David Hershiser, nor any other officer or registered agent of Omaha Steaks, actually received the pleadings.  (*Id.*).

Service on Omaha Steaks is insufficient under federal law because Pathak failed to show that personal delivery of summons was made to "an officer, a managing or general agent of the corporation."  Service is insufficient under California and Nebraska law because the proof of service indicates that Pathak merely made service by U.S. mail under Rule 5(b), not certified mail with return receipt as required by those state's service provisions.

Since service of process on Omaha Steaks cannot be established, this Court should dismiss this case.

**IV.   CONCLUSION**

For the reasons set forth above, the Court should grant Omaha Steaks' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) and dismiss this matter in its entirety.

///

---

[2] Federal Rule of Civil Procedure 5(b) provides methods for service of pleadings *other than a summons and complaint*.  Fed. R. Civ. Proc. 5 ("Serving and Filing Pleadings and Other Papers")

1
2  DATED: December 20, 2010                    FREUND & BRACKEY LLP
3
4                                       By:   /Craig A. Huber/
                                              Craig A. Huber,
5                                             Stephen P. Crump
                                              Attorneys for Defendant,
6                                             OMAHA STEAKS
                                              INTERNATIONAL, INC.
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28