O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anshu Pathak, an individual,<br><br>                    Plaintiff,<br><br>     v.<br><br>Omaha Steaks International, Inc., a Nebraska corporation; and Does 1 through 10,<br><br>                    Defendants. | CV 10-7054 RSWL (RZx)<br><br>**ORDER Re: Defendant's Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5) [6]** |

     Defendant Omaha Steaks International, Inc.'s Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5) was set for hearing on January 26, 2011 [6].  Having taken this matter under submission on January 21, 2011, and having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

**A.   Legal Standard**

     Pursuant to the Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss the action

1

where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Federal Rule of Civil Procedure 4 for serving a defendant. Fed. R. Civ. P. 12(b)(5).  Service of process on corporations is specifically governed by Federal Rule of Civil Procedure 4(h), and requires that unless federal law provides otherwise or the defendant's waiver has been filed, a corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment of by law to receive service of process."[1] Fed. R. Civ. P. 4(h).  "When serving a corporation, Rule 4(h) requires personal service on someone at the corporation, and service by mail to a general corporate address is not sufficient." Belle v. Chase Home Fin. LLC, 2007 WL 1518341, at *3 (S.D. Cal. May 22, 2007).

If the Court determines that the plaintiff has not properly served the defendant in accordance with Federal Rule of Civil Procedure 4, the Court has discretion to either dismiss the action for failure to effect proper

---

[1] Federal Rule of Civil Procedure 4(e)(1) states that "unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdictions in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

1  service, or instead retain the action and quash the
2  ineffective service that has been made on the defendant
3  in order to provide the plaintiff with the opportunity
4  to properly serve the defendant. See Marshall v.
5  Warwick, 155 F.3d 1027, 1032 (8th Cir.
6  1998)("[D]ismissal [is not] invariably required where
7  service is ineffective: under such circumstances, the
8  [district] court has discretion to either dismiss the
9  action, or quash service but retain the case").

**B.  Analysis**

Defendant Omaha Steaks International, Inc.'s Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5) is **DENIED.**

First, the Court finds that Defendant Omaha Steaks International, Inc. ("Defendant") has not been properly served in this Action because Plaintiff's service of process here fails to comply with the requirements set forth under Federal Rule of Civil Procedure 4(h) for effecting service on a corporate defendant.  Plaintiff served Defendant here by mailing the Summons and Complaint to one of Defendant's officers by United States mail in a sealed envelope, with the postage thereon fully prepaid. [Decl. Crump, Ex. A.]  However, under Federal Rule of Civil Procedure 4(h), "service by certified mail is not personal delivery," and therefore the Court finds that Plaintiff's service of process here by United States Mail is insufficient under Rule 4(h). See Taylor v. Bailey, 2006 WL 3191185, at *2 (N.D. Ga.

Oct. 30, 2006)(noting that under federal law, "there is no provision for service of process ... by certified mail" on corporate defendants).  Moreover, the Court finds that Plaintiff's service of process on Defendant is improper under Federal Rule of Civil Procedure 4(e)(1) because Plaintiff's service fails to comply with either of the applicable state laws for effecting service of process.  Specifically, Plaintiff's service of the Summons and Complaint on Defendant fails to comply with the applicable California and Nebraska law regarding service of process,[2] as the proof of service illustrates that Plaintiff failed to serve the Summons and Complaint by certified mail with return receipt required.  See Cal. Code. Civ. Proc. § 415.40; Neb. Rev. St. § 25-505.01(1)(c).

   However, while Plaintiff's service is insufficient, the Court finds that a dismissal of the Action is not justified under Federal Rule of Civil Procedure 12(b)(5), and that the Court should instead quash the insufficient service and retain the Action. See Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992). Specifically, the Court finds that there is a reasonable

---

[2] The Nebraska and California state laws regarding service of process are the relevant state laws here under Federal Rule of Civil Procedure 4(e)(1), as Nebraska is the state to which Plaintiff mailed the Summons and Complaint and California is the state in which this Court is located. See Fed. R. Civ. P. 4(e)(1)

4

prospect that Plaintiff will be able to properly serve Defendant in this Action and that Defendant has not been prejudiced by the insufficient service. <u>Id.</u> <u>See</u> <u>United Food & Commercial Workers Union, Locals 197 v. Alpha Beta Co.</u>, 736 F.2d 1371, 1382 (9th Cir. 1984)(noting that technical defects in service of process do not justify dismissal unless actual prejudice is shown).  As such, the Court finds that dismissal here is inappropriate and that the insufficient service should instead be quashed, therefore providing Plaintiff with the opportunity to effect proper service on Defendant. <u>See</u> <u>Umbenhauer</u>, 969 F.2d at 30.

   As such, Defendant's Motion to Dismiss is **DENIED** and Plaintiff's insufficient service on Defendant is hereby **QUASHED.**  It is further ordered that Plaintiff shall have **THIRTY DAYS** from the date of entry of this Order to properly serve Defendant in accordance with the applicable federal or state law.

DATED: March 28, 2011
**IT IS SO ORDERED.**


                              RONALD S.W. LEW
                              _____
                              **HONORABLE RONALD S.W. LEW**
                              Senior, U.S. District Court Judge

prospect that Plaintiff will be able to properly serve Defendant in this Action and that Defendant has not been prejudiced by the insufficient service. <u>Id.</u> <u>See</u> <u>United Food & Commercial Workers Union, Locals 197 v. Alpha Beta Co.</u>, 736 F.2d 1371, 1382 (9th Cir. 1984)(noting that technical defects in service of process do not justify dismissal unless actual prejudice is shown).  As such, the Court finds that dismissal here is inappropriate and that the insufficient service should instead be quashed, therefore providing Plaintiff with the opportunity to effect proper service on Defendant. <u>See</u> <u>Umbenhauer</u>, 969 F.2d at 30.

   As such, Defendant's Motion to Dismiss is **DENIED** and Plaintiff's insufficient service on Defendant is hereby **QUASHED.**  It is further ordered that Plaintiff shall have **THIRTY DAYS** from the date of entry of this Order to properly serve Defendant in accordance with the applicable federal or state law.

DATED: March 28, 2011
**IT IS SO ORDERED.**


                              RONALD S.W. LEW
                              _____
                              **HONORABLE RONALD S.W. LEW**
                              Senior, U.S. District Court Judge