O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anshu Pathak, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>Omaha Steaks International, Inc., a Nebraska corporation; and Does 1 through 10,<br><br>　　　　　Defendants. | CV 10-7054 RSWL (RZx)<br><br>**ORDER Re: Defendant's Motion for Order for Security and Control [8]** |

　　　Defendant Omaha Steaks International, Inc.'s Motion for Order for Security and Control was set for hearing on January 26, 2011 [8].  Having taken this matter under submission on January 21, 2011, and having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:**

**A.　Legal Standard**

　　　A district court has the authority under the All Writs Act, 28 U.S.C. § 1651(a), to enjoin litigants who abuse the judicial system. 28 U.S.C. § 1651(a). See De

1

1  Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990)
2  (recognizing that "there is strong precedent
3  establishing the inherent power of federal courts to
4  regulate the activities of abusive litigants by imposing
5  carefully tailored restrictions under the appropriate
6  circumstances").  The Court therefore may enter orders
7  "in order to control the conduct of a vexatious
8  litigant." C.D. Local R. 83-8.2.
9       Specifically, the Court may enter an order
10 requiring that the litigant obtain the approval of a
11 judge before being allowed to file an action. See C.D.
12 Local R. 83-8.2 (providing for such an order); Molski v.
13 Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir.
14 2007) (recognizing that district courts have "inherent
15 power to enter pre-filing orders against vexatious
16 litigants").  However, the entry of such a pre-filing
17 order must be preceded by (1) notice and opportunity to
18 be heard before the Court enters the order; (2) the
19 compilation of an adequate record for review, that is, a
20 listing of the cases and/or abusive activities
21 undertaken by the litigant; and (3) substantive findings
22 concerning the frivolous and harassing nature of the
23 plaintiff's litigation. See De Long, 912 F.2d at 1147-
24 48.  Moreover, the pre-filing order must be the narrowly
25 tailored to deter the specific vice encountered. Id.
26 ///
27 ///
28 ///

**B.  Analysis**

Defendant Omaha Steaks International, Inc.'s Motion for Order for Security and Control is **GRANTED IN PART AND DENIED IN PART.**

As a preliminary matter, the Court **GRANTS** Defendant Omaha Steaks International, Inc.'s ("Defendant") Request for Judicial Notice pursuant to Federal Rule of Evidence 201. See Fed. R. Evid. 201. See also Phillips v. Bank of Am. Corp., 2011 WL 132861, at *3 (N.D. Cal. Jan. 14, 2011)(noting that the Court may take judicial notice of matters of public record, including prior federal and state court proceedings).

Defendant moves this Court to declare Plaintiff Anshu Pathak ("Plaintiff") a vexatious litigant, enter a pre-filing Order requiring Plaintiff to make an initial showing of likelihood of success on the merits before bringing any more actions in this District, Order that Plaintiff be required to post Security in the amount of $17,000.00 and Order that Plaintiff be required file a copy of this Order and a notice of his status as a vexatious litigant in the Central District prior to filing any actions in state or federal courts or agencies against Defendant.

In determining whether Plaintiff qualifies as a vexatious litigant, the Court may look to California's Vexatious Litigant Statute[1] for guidance. See C.D. Local

---

[1] California's Vexatious Litigant Statute defines a "vexatious litigant" as a person who does any of the following:

3

R. 83-8.4 (providing that the Court, in its discretion, may look to California's Vexatious Litigants Statute for guidance in determining vexatious litigant status). The Court finds that Plaintiff meets three of the four definitions of a vexatious litigant that are set forth under this Statute. As such, given Plaintiff meets these statutory definitions, as well as the fact that Plaintiff has demonstrated an extensive history of litigation as discussed below, the Court finds Plaintiff to be a vexatious litigant.

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing;
>
> (2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined;
>
> (3) In any litigation while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay;
>
> (4) Has previously been declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based upon the same or substantially similar facts, transaction, or occurrence.

Cal. Civ. Proc. Code §§ 391(b)(1)-(4).

Specifically, the Court finds that Plaintiff meets the first definition of a vexatious litigant under the California Statute because he has commenced at least six litigations in *propria persona* in the last seven years that were finally determined adversely to him.[2] Next, Plaintiff has repeatedly re-litigated or attempted to re-litigate in *propria persona* the validity of the Judgment that was entered against Plaintiff by this Court on September 22, 2004 in <u>Omaha Steaks International, Inc., v. Pathak</u>, Case No. 03-cv-1401, an action for trademark infringement that was brought by Defendant against Plaintiff ("the Omaha Proceeding"). After the Ninth Circuit affirmed this Court's entry of Judgment on December, 8, 2005 following Plaintiff's appeal of that Judgment, Plaintiff filed a new action in this District in 2009 against Defendant, its officers and its representing law firm, alleging that Defendant had committed fraud against Plaintiff and had defrauded the Court in the Omaha Proceeding (the "Omaha Proceeding II"), <u>Pathak v. United States of America</u>, Case No. 09-cv-8287. This case was dismissed in April, 2010 for Plaintiff's failure to effect service and failure to prosecute. [Def.'s Req. for Judicial Notice, Exh. 58.]

---

[2] <u>See</u> <u>Pathak v. United States of America</u>, Case No. 09-cv-8287 (C.D. Cal. Nov. 24, 2010); <u>Pathak v. United States Patent and Trademark Offices</u>, Case No. 10-cv-0489 (C.D. Cal. Oct. 8, 2010); <u>Pathak v. Automobile Club of So. Cal.</u>, Case No. 07-cv-0878 (C.D. Cal. May 15, 2008); <u>Pathak v. Siddiqui</u>, Case No. 07-cv-0073 (C.D. Cal. Oct. 23, 2007); <u>Pathak v. Humboldt Bank, Inc.</u>, Case No. 04-cv-0447 (N.D. Cal. Dec. 14, 2004); <u>Pathak v. The Spinella Family Trust</u>, Case No. 04-cv-0385 (D. Nev. May 24, 2004).

In this present Action, Plaintiff seeks to re-litigate the same theory of fraud that Plaintiff had asserted in the Omaha Proceeding II, again alleging that Defendant has committed fraud on the Court and that the Judgement entered in the Omaha Proceeding should be set aside. [Compl., ¶¶ 1-2.]  As Plaintiff has repeatedly re-litigated or attempted to re-litigate a controversy already determined against him against the same Defendant, the Court finds that Plaintiff meets this second definition of vexatious litigant under the statute.

The Court next finds that Plaintiff meets the third definition of a vexatious litigant because he has filed a series of unmeritorious motions and engaged in other frivolous, or unnecessarily delaying tactics before this Court while acting in *propria persona* during the Omaha Proceeding.  For example, after the Court entered an Order that no motions to vacate be brought unless Plaintiff complies with the Local Rules, Plaintiff filed a motion to vacate that failed to comply with Local Rule 7-3, and the Court subsequently dismissed this motion. [Doc. Nos. 50, 87.]  Furthermore, Plaintiff filed requests and motions that the Court found did not comply with the relevant Local or Federal Rules or failed to allege an adequate legal basis, and were therefore subsequently denied by this Court.[3]  Finally, the Court

---

[3] For example, Plaintiff filed a request for judicial notice of a letter to Defendant's attorney and a motion to provide

6

finds that Plaintiff has engaged in tactics resulting in the unnecessary delay of the enforcement of the Judgment issued against him in the Omaha Proceeding, such as his failure to attend scheduled debtor's examinations. As such, the Court finds that the combination of Plaintiff's failure to comply with Local and Federal rules in his various motions and requests in the Omaha Proceeding, along with his failure to attend the debtor's examination hearings, are indicative of an intent to cause unnecessary delay. Therefore, the Court finds that Plaintiff meets this third definition of a vexatious litigant under the California Statute.

As such, as Plaintiff meets the first three definitions of a vexatious litigant under the California Statute[4] and has demonstrated a history of filing unmeritorious filings and litigation, as discussed in more detail below, the Court hereby deems Plaintiff a vexatious litigant. C.D. Local R. 83-8.4.

Next, the Court finds that Plaintiff's vexatious

---

attorney or allow Plaintiff to bring money to the United States. [Doc. Nos. 77, 87.]

[4] It should be noted that while Plaintiff has been declared a vexatious litigant by the Los Angeles Superior Court in the matter of Pathak v. Ornelas, Case No. KC033801, it is unclear if this was based upon the same or substantially similar facts, transaction, or occurrence. See Cal. Civ. Proc. Code §§ 391(b)(4). However, as the Statute states that a vexatious litigant is a person who engages in any of the conduct subsequently set forth in the Statute, the Court finds that because Plaintiff meets the first three definitions of a vexatious litigant under the Statute Plaintiff qualifies as a vexatious litigant here.

and harassing litigation requires the entry of a pre-filing order against Plaintiff, and therefore **GRANTS** Defendant's request here for the entry of a pre-filing Order.

First, the Court finds that Plaintiff has been afforded proper notice and a chance to be heard on this Motion. Defendant filed this Motion within the requested notice period, the Motion is properly paginated and Defendant was properly served with this Motion [6]. Plaintiff's Opposition to this Motion evidences that not only was Plaintiff on notice here, but that Plaintiff also had the opportunity to oppose any pre-filing order. Thus, the Court finds that the first De Long requirement has been met.

Second, the Court finds that the history of Plaintiff's vexatious filings here is manifest and the record for review meets the second De Long requirement. See De Long, 912 F.2d at 1147. The record before the Court includes docket reports, documents, motions and orders from earlier litigation that has been initiated by Plaintiff in both state and federal court.[5] The record illustrates that since 1991, Plaintiff has filed forty-two actions in state and federal court that were all subsequently dismissed either on the merits or for

---

[5] This record was provided to the Court as exhibits to Defendant's Request for Judicial Notice [10]. Pursuant to Defendant's request here, the Court takes judicial notice of Plaintiff's numerous filings of actions, motions and petitions across multiple state and federal courts. See Fed. R. Evid. 201.

reasons such as lack of prosecution, failure to comply with local rules and lack of personal jurisdiction.[6] [Def.'s Request for Judicial Notice, Exs. 1-42.] Moreover, the record lists Plaintiff's numerous motions and requests in the Omaha Proceeding that were either found to be without merit or dismissed for failure to comply with the Local and Federal Rules. As such, the Court finds that the record here before the Court creates an adequate record for review, and that the second De Long requirement has been met.

Next, the Court finds that the third De Long requirement has been satisfied. In making this determination, the Court must look at the number and content of a party's filings when examining the frivolousness of the claims asserted. De Long, 912 F.2d at 1148. The Court should also "discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." Powell, 851 F.2d at 431. Moreover, pursuant to the Central District Local Rules, any pre-filing order must be "based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely

---

[6] Notably, in the last ten years, Plaintiff has filed numerous actions in this District that were all subsequently dismissed, such as: 1) Pathak v. Rao, No. 2-03-cv-0165; 2) Pathak v. Singh, Case No. 5:03-cv-0213; 3) Pathak v. CitiFinancial Svcs., Case No. 2-03-cv-6502; 4) Pathak v. Siddiqui, Case No. 5-07-cv-0073; 5) Pathak v. Automobile Club of So. Cal., Case No. 5-07-cv-0878; 6) Pathak v. United States of America, Case No. 09-cv-8287; and 7) Pathak v. United States Patent and Trademark Office, Case No. 5-10-cv-0489.

to continue such abuse, unless protective measures are taken." C.D. Local R. 83-8.3.

Here, the Court finds Plaintiff has demonstrated a history of filing frivolous and harassing lawsuits, motions and requests, and that Plaintiff has shown a likelihood that he will continue to file such lawsuits in the future. As noted above, Plaintiff has filed numerous lawsuits in both federal and state court that were subsequently dismissed either on the merits or as a result of Plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure, illustrating that Plaintiff has demonstrated a history of filing frivolous and unmeritorious lawsuits.[7] [Def.'s Request for Judicial Notice, Exs. 1-42.] Moreover, the record reflects the motions and requests filed by Plaintiff in the Omaha Proceeding that were denied by the Court, as well as the fact that for the last several years, Plaintiff has attempted to evade the Judgment rendered by the Court in the Omaha Proceeding and has failed to cooperate with Defendant or this Court in the enforcement of that Judgment. [Id., Exh. 61-69.] In

---

[7] For example, in an action brought by Plaintiff for conversion in this District, Pathak v. Automobile Club of Southern California, Case No. 5-07-cv-0878, the District Court dismissed this action because Plaintiff had no ownership rights in the vehicles at issue in that action. In addition, in Pathak v. The Spinella Family Trust, Case No. 2-04-cv-0385, the District Court for the District of Nevada granted the defendant's motion to expunge the lis pendens because the state court had already determined that Plaintiff had no rights in the property and had prohibited him from filing further lis pendens in state court proceedings. [Def.'s Req. for Judicial Notice Exhs. 45, 47.]

addition, in this present Action, Plaintiff seeks to re-litigate the allegation that Defendant committed fraud on the Court in the Omaha Proceeding, despite the fact that in the Omaha Proceeding, this Court dismissed Plaintiff's cross-complaint, which contained these same allegations of fraud, the Ninth Circuit upheld the Judgment by this Court in the Omaha Proceeding on appeal and the Omaha Proceeding II was dismissed by another court in this District for failure to prosecute and failure to effect proper service. See Pathak v. United States of America, Case No. 09-cv-8287; Omaha Steaks International, Inc., v. Pathak, Case No. 03-cv-1401. Plaintiff's continued allegations that Defendant engaged in a concerted effort to commit fraud upon the Court is contrary to past findings of federal courts, and therefore the Court finds that these repeated assertions here may be a basis for determining that Plaintiff's cases are vexatious. Molski, 500 F.3d at 1061. Finally, as Plaintiff qualifies as a vexatious litigant under the California statute, the Court finds that this supports a finding that the third substantive De Long requirement has been met. See C.D. Local R. 83-8.7.

The stream of litigation and motion practice that has been initiated by Plaintiff in the last twenty years suggests he will continue to file claims against Defendant in the absence of a pre-filing Order. Accordingly, the Court finds that Plaintiff has "abused the Court's process and is likely to continue . . .

11

1  unless protective measures are taken." C.D. Local R. 83-
2  8.3.  Pursuant to the fourth requirement set forth in <u>De
3  Long</u>, the Court must therefore fashion an Order that is
4  narrowly tailored to remedy the particular ills posed by
5  Plaintiff. <u>See</u> <u>De Long</u>, 912 F.2d at 1148.
6       Defendant requests that this Court enter a pre-
7  filing Order that requires Plaintiff obtain leave of the
8  Court prior to filing any future actions in the Central
9  District of California.  However, the Court finds this
10 requested pre-filing Order is not sufficiently narrowly
11 tailored pursuant to the guidelines set forth in <u>De
12 Long</u>. <u>See</u> <u>id.</u> <u>See</u> <u>also</u> <u>Molski v. Evergreen Dynasty
13 Corp.</u>, 500 F.3d 1047, 1061 (9th Cir. 2007)(noting that a
14 pre-filing order should be tailored to fit the
15 particular ills suffered by the defendant).  The Court
16 finds the particular ills suffered by Defendant as a
17 result of Plaintiff's conduct concern Plaintiff's
18 attempts to evade enforcement of the Judgment rendered
19 against Plaintiff in the Omaha Proceeding and
20 Plaintiff's repeated attempts to re-litigate the
21 validity of that Judgment. <u>See</u> <u>Molski</u>, 500 F.3d at 1061.
22 As such, the Court finds a pre-filing Order that is
23 directed toward those concerns is appropriate here under
24 <u>De Long</u>.  Therefore, the Court hereby orders that
25 Plaintiff, any person acting on his behalf, or any
26 entity that he controls, directly or indirectly, be
27 required to submit for screening to a judge of this
28 court any pleading that Plaintiff, any person acting on

his behalf, or any entity that he controls, directly or indirectly, proposes to file to initiate a new action, where the pleading asserts claims against Defendant based the validity of the Judgment rendered against Plaintiff in the matter of <u>Omaha Steaks International, Inc., v. Pathak</u>, Case No. 03-cv-1401, and Defendant's alleged fraud on the Court in that Action, and that Plaintiff must make an initial showing of likelihood of success on the merits in order for the new claim to be filed and move forward.

However, the Court **DENIES** Defendant's request that this Court order Plaintiff to post Security here in the amount of $17,000.00.  Pursuant to Local Rule 83-8.2, the Court may order a party to "give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant." C.D. Local R. 83-8.2.  However, the Court finds that Defendant has not adequately shown that an Order of Security is necessary here to secure the payment of these costs, as Defendant's request for Security in the amount of $17,000.00 does not relate to the costs that may be awarded against Plaintiff in this Action, but instead represents Defendant's own expected reasonable costs in connection with litigating this Action.  As such, the Court finds that Defendant does not sufficiently show that this amount of Security is necessary and appropriate here in order to secure the

payment of any "costs or sanctions, or other amounts which may be awarded against the vexatious litigant." Id. Accordingly, the Court **DENIES** Defendant's request for an Order for Security.

Finally, the Court **DENIES** Defendant's request for an Order that Plaintiff be required to file a copy of this Order and notice of his status as a vexatious litigant in the Central District prior to filing any actions in state or federal courts or agencies against Defendant, as the Court finds that Defendant has not sufficiently shown that this type of Order is necessary.

Accordingly, Defendant's Motion for Order for Security and Control is **GRANTED IN PART AND DENIED IN PART**.

DATED: March 28, 2011
**IT IS SO ORDERED.**

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge