# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anshu Pathak, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>Omaha Steaks International, Inc., a Nebraska corporation; and Does 1 through 10,<br><br>    Defendants. | CV 10-7054 RSWL (RZx)<br><br>**ORDER Re: Defendant's Motion to Dismiss Case [29] and Plaintiff's Application for Default Judgment [38]** |

Defendant Omaha Steaks International, Inc.'s Motion to Dismiss Case [29] was set for hearing on June 7, 2011 and Plaintiff Anshu Pathak's Application for Default Judgment [38] was set for hearing on July 12, 2011. Having taken these matters under submission on June 1, 2011 and July 7, 2011, and having reviewed all papers submitted pertaining to these Motions, the Court **NOW FINDS AND RULES AS FOLLOWS:**

**A. Defendant Omaha Steaks International, Inc.'s Motion To Dismiss**

Defendant Omaha Steaks International, Inc.'s Motion

1

to Dismiss is **DENIED.**

Federal Rules of Civil Procedure 16(f) and 41(b) govern pre-trial management and the dismissal of actions. Pursuant to Federal Rule of Civil Procedure 16(f), the Court may dismiss an action in whole or in part when a party fails to obey a scheduling or pretrial order. Fed. R. Civ. P. 16(f)(1)(A). Moreover, Federal Rule of Civil Procedure 41(b) sets forth that "[i]f the plaintiff fails to prosecute or to comply with ... a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). As such, the Court may exercise its discretion under these Rules to dismiss an action if a party or plaintiff fails to comply with an order of the Court. However, "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

As a preliminary matter, the Court **DENIES** Defendant Omaha Steaks International, Inc's ("Defendant") Request for Judicial Notice pursuant to Federal Rule of Evidence 201. Fed. R. Evid. 201.

Defendant moves to dismiss this Case on the grounds that Plaintiff Anshu Pathak ("Plaintiff") has failed to comply with both this Court's March 28, 2011 Order Granting in Part and Denying in Part Defendant's Motion for Order for Security and Control [25] and this Court's March 28, 2011 Order Denying Defendant's Motion to Dismiss Complaint Pursuant to Federal Rule of Civil

Procedure 12(b)(5) [24]. As such, Defendant argues the Court should exercise its discretion here under Federal Rules of Civil Procedure 16(f) and 41(b) and dismiss this present Action. Alternatively, Defendant moves to dismiss this Action pursuant to Federal Rule of Civil Procedure 4(m), asserting that Plaintiff has failed to serve Defendant within 120 days of filing the Complaint.

The Court finds that Defendant has failed to establish that dismissal is warranted here pursuant to Federal Rules of Civil Procedure 16(f), 41(b) and 4(m).

First, the Court finds that Defendant has not persuasively shown that this Action should be dismissed due to Plaintiff's non-compliance with the Court's March 28, 2011 Order Granting in Part and Denying in Part Defendant's Motion for Order for Security and Control.

In this Order, the Court entered a Pre-Filing order against Plaintiff, ordering that prior to initiating any new actions against Defendant in which Plaintiff asserts claims based on the validity of the Judgment rendered against Plaintiff by this Court in the matter of <u>Omaha Steaks International, Inc. v. Pathak</u>, Case No. 03-1401, Plaintiff would be required to "submit for screening to a judge of this court" such pleading and would have to "make an initial showing of likelihood of success on the merits in order for the new claim to be filed and move forward" [25].

Defendant argues here that Plaintiff has failed to comply with this Order because Plaintiff has not yet

made an initial showing of likelihood of success on the merits in this Action. However, the Court finds that in this Order, the Court specifically set forth that the Pre-Filing Order was to apply to any new and future actions initiated by Plaintiff in which the claims against Defendant are based on the validity of the Judgment rendered against him in the matter of <u>Omaha Steaks International, Inc. v. Pathak</u>, Case No. 03-1401. As such, the Court did not set forth in this Order that the pre-filing requirements were to apply to this current Action, and Defendant has therefore failed to establish that dismissal is warranted here based on Plaintiff's non-compliance with the Court's March 28, 2011 Order Granting in Part and Denying in Part Defendant's Motion for Security and Control.

Next, the Court finds that Defendant has not persuasively shown that dismissal is warranted here based on Plaintiff's alleged non-compliance with the Court's March 28, 2011 Order Denying Defendant's Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5).

In this Order, the Court found that Defendant had not been properly served in this Action, and ordered Plaintiff to serve Defendant in accordance with the applicable federal or state law within thirty-days of the date of entry of the Order [24]. Defendant argues here that Plaintiff has failed to comply with this Order because Plaintiff has yet to properly serve Defendant in

4

this Action. Alternatively, Defendant argues that this Case should be dismissed pursuant to Federal Rule of Civil Procedure 4(m), as Plaintiff has failed to serve Defendant within 120 days of the date upon which the Complaint was filed.

Service of process on corporations is governed by Federal Rule of Civil Procedure 4(h), and sets forth that a corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment of by law to receive service of process."[1] Fed. R. Civ. P. 4(h). In Nebraska,[2] a corporation may be personally served by delivering a summons and complaint to "any officer, director, managing agent, or registered agent, or by leaving the process at the corporation's registered office with a person employed therein." R.R.S. Neb. § 25-509.01. As such, a plaintiff may serve a corporate

---

[1] Federal Rule of Civil Procedure 4(e)(1) states that "unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdictions in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

[2] Pursuant to Federal Rule of Civil Procedure 4(h), service of summons on a corporation may be made pursuant to the state law in which the district court is located or where the service is made. Fed. R. Civ. P. 4(h)(1). As such, to satisfy this Rule and effect proper service in this Action, Plaintiff must have served Defendant pursuant to either California or Nebraska state law.

5

defendant by delivering a copy of the summons and complaint to an employee of that corporation. See <u>McNeil v. Labor Ready & Command Cntr.</u>, 2009 U.S. Dist. LEXIS 108458, at *3 (D. Neb. Nov. 20, 2009)(finding that service of the corporation was improper because the individual who accepted service was not an employee of the corporation).

The Court finds that Plaintiff has properly served Defendant pursuant to Nebraska law. Specifically, the documents submitted to this Court establish that Plaintiff hired a licensed process server, Ray Allen, who personally delivered the Summons and Complaint to an employee of Defendant company, Sherry Goldsmith, at Defendant's offices in Omaha, Nebraska on April 27, 2011.[3] See <u>Centennial Molding, LLC v. Tote-A-Lube</u>, 2005 WL 2076509, at *3 (D. Neb. Aug. 26, 2005). As such, the Court finds that Plaintiff has sufficiently complied with the Court's March 28, 2011 Order and Federal Rule of Civil Procedure 4(m). See R.R.S. Neb. § 25-509.01.; Fed. R. Civ. P. 4(m).

Therefore, the Court **DENIES** Defendant's Motion to Dismiss, as Defendant has failed to show that dismissal

---

[3] Defendant argues here that Plaintiff has not filed proper proof of this service as required by Local Rule 5-3.1. However, the Court finds this argument unpersuasive, as Plaintiff has submitted to the Court a Declaration by the licensed process server, Ray Allen, that sets forth sufficient information and facts regarding this service. Therefore, the Court finds that Plaintiff has filed sufficient proof here pursuant to Local Rule 5-3.1.

is warranted here under Federal Rules of Civil Procedure 16(f) and 41(b) or under Federal Rule of Civil Procedure 4(m).

However, while the Court **DENIES** Defendant's Motion to Dismiss, the Court finds that since this Court's March 28, 2011 Order Granting in Part and Denying in Part Defendant's Motion for Order for Security and Control [25], Plaintiff has continued to file unmeritorious motions and papers with this Court in both this Action and in the related matter, <u>Omaha Steaks International, Inc. v. Pathak</u>, Case No. 03-1401, and has engaged in frivolous and delaying tactics with this Court. As such, the Court finds that Plaintiff's actions here, as well as his overall history with this Court, demonstrate that the entry of the March 28, 2011 Pre-Filing Order in this current Action may be warranted in order to control Plaintiff's vexatious conduct. C.D. Local R. 83-8.2.

Therefore, the Court hereby orders Plaintiff to show cause as to why the Court should not enter the March 28, 2011 Pre-Filing Order in this present Action and require Plaintiff to make an initial showing of likelihood of success on the merits in this present Action in order for this Case to move forward. <u>Id.</u> Plaintiff's response to this Order shall be filed within twenty (20) days of the date of this Order. Once Plaintiff has filed its response to this Order with the Court, the Court will then make a determination as to

whether the entry of the March 28, 2011 Pre-Filing Order in this present Action is appropriate.  Should the Court determine that the March 28, 2011 Pre-Filing Order need be entered in this present Action, Plaintiff will then be required to make an initial showing of likelihood of success on the merits in this present Action in order for this Case to move forward.

Finally, with regard to the filing of Defendant's Answer in this Action, Defendant shall file its Answer upon further notice of the Court.

**B.    Plaintiff Anshu Pathak's Application For Default Judgment**

The Court **DENIES** Plaintiff's Application for Default Judgment against Defendant.

Federal Rule of Civil Procedure 55 governs the entry of default judgment.  Specifically, Federal Rule of Civil Procedure 55(a) instructs the clerk to enter default against a party whom has "failed to plead or otherwise defend" in the Action. Fed. R. Civ. P. 55(a). After the clerk has entered default, default judgment may then be entered by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2). Fed. R. Civ. P. 55(b)(2).  As such, the entry of default by the clerk is a necessary "prerequisite to an entry of default judgment." Vongrabe v. Spint PCS, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004).

The Court finds that Plaintiff has failed to establish that default by clerk has been entered against

Defendant in this Action.  As such, Defendant has failed to complete the "first part of the two-part process," precluding an entry of default judgment here. Id. Furthermore, the Court finds the Defendant is actively defending this lawsuit, as on May 5, 2011, Defendant filed its Motion to Dismiss at issue here [29].  As motions to dismiss constitute an effort to defend an Action, the Court finds that default judgment cannot be entered here against Defendant.

    As such, the Court **DENIES** Plaintiff's Application for Default Judgment.

DATED: July 21, 2011
**IT IS SO ORDERED.**

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge