O
JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Anshu Pathak, an individual, | ) CV 10-7054 RSWL (RZx) |
| Plaintiff, | ) **ORDER** |
| v. | ) |
| Omaha Steaks International, Inc., a Nebraska corporation; and Does 1 through 10, | ) |
| Defendants. | ) |

On July 21, 2011, the Court issued an Order to Show Cause to Plaintiff Anshu Pathak ("Plaintiff") as to why the Court should not enter the March 28, 2011 Pre-Filing Order in this Present Action and require Plaintiff to make an initial showing of likelihood of success on the merits in order for this Action to move forward [42].

The Court finds that Plaintiff has failed to show good cause as to why this Pre-Filing Order should not be entered in this Present Action. As such, for the reasons previously stated by the Court in its March 28,

1

1   2011 and July 21, 2011 Orders, the Court finds that the

2   entry of the March 28, 2011 Pre-Filing Order in this

3   current Action is warranted here in order to control

4   Plaintiff's vexatious conduct. C.D. Local R. 83-8.2.

5       Therefore, the Court hereby enters the March 28,

6   2011 Pre-Filing Order in this current Action.  As such,

7   Plaintiff is required to make an initial showing of

8   likelihood of success on the merits in this present

9   Action in order for this Case to move forward.

10      Here, the Court finds that Plaintiff has not met

11  his burden to establish a likelihood of success on the

12  merits here.  In this Current Action, Plaintiff brings

13  a cause of action pursuant to Federal Rules of Civil

14  Procedure 60(d)(1) and 60(d)(3) for relief from the

15  judgment issued against Plaintiff by this Court in

16  Omaha Steaks International, Inc., v. Pathak, Case No.

17  03-cv-1401 ("the Omaha Proceeding"), on the basis that

18  Defendant Omaha Steaks International, Inc.

19  ("Defendant"), the Plaintiff in the Omaha Proceeding,

20  obtained that judgment by committing "Fraud on the

21  Court."  Specifically, Plaintiff claims that Defendant

22  and its attorneys "made an unconscionable scheme to

23  file 'False Evidence' with the District court which was

24  designed to improperly influence the court in its

25  decision at every step of the legal process to proceed

26  with the Trademark Infringement lawsuit against

27  Plaintiff in 2003." [Compl. ¶ 2.]

28  ///

1    Federal Rule of Civil Procedure 60(d) sets forth
2  that the Court has the power to entertain an
3  independent Action to relieve a party from a judgment
4  or set aside a judgment for fraud on the Court. Fed. R.
5  Civ. P. 60(d)(1), (3).
6    The Ninth Circuit has held that fraud on the court
7  embraces "only that species of fraud which does or
8  attempts to, defile the court itself, or is a fraud
9  perpetrated by officers of the court so that the
10  judicial machinery can not perform in the usual manner
11  its impartial task of adjudging cases that are
12  presented for adjudication." In re Intermagnetics Am.,
13  Inc., 926 F.2d 912, 916-17 (9th Cir. 1991).  "Fraud on
14  the court should be read narrowly, in the interest of
15  preserving the finality of judgments." Id. (quotation
16  omitted).  As such, the Ninth Circuit places a "high
17  burden on a plaintiff seeking relief from a judgment
18  based on fraud on the court." Id.  Courts have noted
19  that the fraud must involve egregious conduct that
20  attacks the judicial machinery itself, such as bribing
21  a judge, the existence of an "unconscionable plan or
22  scheme ... designed to improperly influence the court
23  in its decision" or conduct by an adverse party that
24  effectively prevented the losing party from fully and
25  fairly presenting his case or defense. Id. See Keys v.
26  Dunbar, 405 F.2d 955, 957-58 (9th Cir. 1969).
27    Here, Plaintiff attempts to show likelihood of
28  success on the merits in this Action by arguing, in

3

1  part,[1] that: Defendant did not have a valid trademark in

2  the word "Omaha Steaks" for on-line retail store

3  services featuring food and food related items in

4  International Class 035 in "standard characters" in

5  order to file the trademark infringement action against

6  Plaintiff in the Omaha Proceeding; that Defendant

7  illegally transferred Plaintiff's domain name,

8  "www.omahabeef.com" without a Court Order; that

9  Defendant's counsel conspired to steal Plaintiff's

10  domain names; that the United States Patent and

11  Trademark Office would not have issued a trademark to

12  Defendant for the word "Omaha Steaks" if they would

13  have observed similarities in Plaintiff's on-line

14  retail store, doing business as "Omaha Beef;"

15  Defendant's counsel filed false evidence with the Court

16  and made false misrepresentations to the Court

17  regarding the alleged trademarks owned by Defendant in

18  order to influence the Court in the Omaha Proceeding

19  and therefore made a scheme to defraud the Court;

20  Defendant's counsel failed to serve Plaintiff with a

21  Summons, Complaint, and Notice of Motion for

22  Preliminary Injunction before the June 9, 2003 hearing

23  in the Omaha Proceeding and obtained this preliminary

24

25  ⎯⎯⎯⎯⎯⎯⎯
   [1] Plaintiff makes various other arguments here in his

26  "Initial Showing of Likelihood of Success," such as the fact that
   certain applications were accepted by the United States Trademark

27  and Patent Office.  However, the Court finds these alleged
   "undisputed facts" do not establish likelihood of success on the

28  merits, as Plaintiff fails to establish how these "undisputed
   facts" are relevant to the claim at issue in this Action.

injunction by filing false evidence with this Court;
and that Defendant has closed down Plaintiff's on-line
retail stores. [Pl.'s Initial Likelihood of Success on
the Merits.]

     The Court finds that Plaintiff has failed to
establish an initial likelihood of success on the
merits here.  Specifically, the Court finds no
reasonably probability that Plaintiff will prevail on
the claim presented herein.  Plaintiff fails to put
forth sufficient evidence here to establish that
Defendant and its counsel engaged in the allegedly
egregious conduct that Plaintiff asserts constitutes
fraud on the Court and requires the Court to relieve
him of the judgment in the Omaha Proceeding.  Instead,
Plaintiff makes merely conclusory statements here
regarding the alleged scheme on part of Defendants and
its counsel to file false evidence with the Court and
commit this alleged fraud on the Court, failing to put
forth evidence to substantiate these claims.
Therefore, the Court finds that Plaintiff has failed to
establish that he has an initial likelihood of success
on the merits, as required by the pre-filing Order in
this Action.

     For the reasons stated above, the Court hereby
enters the March 28, 2011 Pre-Filing Order in this
Action.  Furthermore, the Court finds that Plaintiff
has failed to make a required showing under this Pre-
Filing Order of an initial likelihood of success on the

1   merits in order for this Case to move forward.  As

2   such, this Action is hereby **DISMISSED WITHOUT**

3   **PREJUDICE.**

4

5   **IT IS SO ORDERED.**

6   DATED: August 25, 2011

7

8                           RONALD S.W. LEW

                             **HONORABLE RONALD S.W. LEW**

9                       Senior, U.S. District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28